Honorable Charles Vocelle Judge of Compensation Claims District "F"
QUESTION:
As a judge of compensation claims, are you authorized to solemnize the matrimonial contract?
SUMMARY:
A judge of compensation claims is not a judicial officer within the meaning of s. 741.07, F.S., and, therefore, may not solemnize a matrimonial contract.
Section 741.07(1), F.S., provides in part:
 All regularly ordained ministers of the gospel or elders in communion with some church, or other ordained clergy, and all judicial officers, clerks of the circuit courts and notaries public of this state may solemnize the rights of matrimonial contract, under the regulations prescribed by law. . . . (e.s.)
Your inquiry concerns whether a judge of compensation claims constitutes a "judicial officer" for purposes of s. 741.07(1), F.S.
Section 1, Art. V, State Const., provides:
The judicial power [of the State of Florida] shall be vested in a supreme court, district courts of appeal, circuit courts and county courts. No other courts may be established by the state, any political subdivision or any municipality. . . . Commissions established by law, or administrative officers or bodies may be granted quasi-judicial power in matters connected with the functions of their offices. . . .
In AGO 72-262, this office considered the predecessor to s. 1, Art. V, State Const., in concluding that a state attorney was not a judicial officer for purposes of s. 741.07, F.S.[1]
Judges of compensation claims are within the Department of Labor and Employment Security under the secretary of that department.[2]
The department is a part of the executive branch of state government.[3] Prior to 1989, judges of compensation and the chief judge were referred to as deputy commissioners and chief commissioners. Inasmuch as the judicial power of the State of Florida is vested in The Supreme Court of Florida, the district courts of appeal, the circuit courts and county courts, the judges of compensation claims would not appear to be "judicial officers" but rather administrative officers granted quasi-judicial powers.
Accordingly, I am of the opinion that judges of compensation claims are not "judicial officers" authorized under s. 741.07, F.S., to solemnize the marriage ceremony.
RAB/tjw
[1] Broader than the current constitutional provision, s. 1, Art. V, State Const. 1885 State Const., provided that the judicial power of the state was vested in a supreme court, district courts of appeal, circuit courts, Court of Record of Escambia County, criminal courts of record, county courts, county judge's courts, juvenile courts, courts of justices of the peace, and such other courts, including municipal courts, or commissions, as the Legislature established. The current s. 1, Art. V, State Const., does not vest the judicial power of the state in such courts as the Legislature may establish but merely authorizes the Legislature to create commissions or administrative bodies with quasi-judicial powers. And see, Biennial Report of the Attorney General, 1931-1932, April 3, 1931, p. 567; AGO 54-129, Biennial Report of the Attorney General, 1953-1954, May 31, 1954, p. 641 (performance of the marriage ceremony is a "judicial act").
[2] Section 440.45(3), F.S.
[3] See, s. 20.171, F.S., creating the Department of Labor and Employment Security.